## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIE JAMES BUSH, JR.,
    Plaintiff,

Case No. 1:13-cv-406

vs

Barrett, J.
Litkovitz, M.J.

UNITED STATES, et al.,
    Defendants.

**ORDER**

Plaintiff has filed a motion requesting the recusal of the undersigned from this case "because of conflict interest" (Doc. 2), presumably due to the fact that the undersigned was named as a defendant in another prior lawsuit recently filed by plaintiff with this Court. *See Bush v. United States, et al.*, No. 1:13-cv-384 (S.D. Ohio) (Barrett, J.; Bowman, M.J.). Plaintiff has also named the undersigned as a defendant in another subsequent action. *See Bush v. United States, et al.*, No. 1:13-cv-417 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.). Although both cases in which the undersigned was named as a defendant were initially assigned to the undersigned's docket, they were reassigned to United States Magistrate Judge Stephanie K. Bowman upon a determination by the undersigned that there was a conflict of interest in those matters. No such conflict of interest exists in this case filed under the Federal Torts Claim Act against other parties.

28 U.S.C. § 455(a) provides in pertinent part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must be recused from a case "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's

impartiality." *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012) (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted)). "The standard is an objective one, and a judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held.'" *Id.* (quoting *Sammons*, 918 F.2d at 599 (citation and internal quotation marks omitted)). "When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555).

In this case, the undersigned has no personal bias against or conflict of interest with the plaintiff. Therefore, plaintiff's motion, which is construed as a motion for recusal (Doc. 2) is **DENIED.**[1]

**IT IS SO ORDERED.**

Date: 6/20/13

Karen L. Litkovitz
United States Magistrate Judge

---

[1] It is noted that plaintiff has stated that he will "file a lawsuit on United States District Court, Southern District of Ohio, Western Division, Clerk of Court" if the undersigned is not removed from this case. (*See* Doc. 2). However, the proper means for challenging this ruling denying plaintiff's motion for recusal is to file objections to the Order for consideration by the District Court judge assigned to this case.

2