UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIE JAMES BUSH, JR.,  CASE NO.: 1:13cv406

    Plaintiff,  Barrett, J.
                                        Litkovitz, M.J.
  v.

UNITED STATES OF AMERICA, ET AL.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends granting defendant's motion to dismiss and dismissing plaintiff's claims in their entirety. (Doc. 28).[1] The parties were given proper notice pursuant to Fed. R. Civ. P. 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[2] After being granted an extension of time, plaintiff filed objections to the Report (Doc. 34) and subsequently filed supplemental objections to the Report (Doc. 37).

**I.    BACKGROUND**

The procedural background and the pertinent facts have been thoroughly and adequately summarized in the Report (*see* Doc. 28), and thus, will not be repeated here. However, the Court will identify the facts relevant to its decision when addressing plaintiff's objections below.

**II.    STANDARD OF REVIEW**

---

[1]As noted by the Magistrate Judge, plaintiff also names Patricia Smith, Catherine P. Carter, Mary Szymzck, and the United States Attorney and Attorney General as defendants. (Doc. 29, p. 1 n.1). However, these defendants are employees of the United States government and thus are improperly named. (Doc. 29, p. 1 n. 1). Plaintiff does not challenge that conclusion of the Magistrate Judge. (*See* Docs. 34, 37).

[2]Notice was attached to the Report. (Doc. 28, p. 12).

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). The objections of a plaintiff appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

### III. ANALYSIS

In the Report, the Magistrate Judge recommends dismissing plaintiff's Complaint for (1) lack of subject matter jurisdiction over his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*., and (2) failure to comply with Rule 10(D)(2) of the Ohio Rules of Civil Procedure to the extent he seeks to assert a claim for medical malpractice. (Doc. 28). Plaintiff's objections to these recommendations in the Report are addressed below.

#### A. Lack of Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002).

The Magistrate Judge accurately stated that the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.,* provides the exclusive remedy for federal employment-related injuries and death. (Doc. 28, pp. 6-7). Given her analysis that plaintiff's FTCA claims are predicated on his belief that he should be receiving workers' compensation benefits for federal employment-related injuries under the U.S. Department of Labor's Office of Worker's

Compensation Program (OWCP) for which FECA provides the sole remedy, she recommended dismissal of plaintiff's FTCA claims for lack of subject matter jurisdiction. (Doc. 28, pp. 6-7).

Plaintiff's objections do not alter the Magistrate Judge's conclusion. In his objections, he reiterates his statements from his Complaint and his "motion to proceed" that is construed as a response in opposition. (*See* Docs. 4, 17, 34, 37). Characterizing the actions of the OWCP as "benign neglect," he complains that the OWCP "drag their feet in accepting [his] claim" and that "nothing has been done about this to make this right!" (Doc. 37, p. 1). In his supplemental objections, he explains the process he has taken in an attempt to get OWCP certain information about what he has been paid and complains that the OWCP still has not taken the requisite actions. (Doc. 37, p. 3). He further explains the alleged "diagnostic failure[s]" of the doctor hired by the OWCP that give rise to his claim under the FTCA. (Doc. 34, pp. 1-3; Doc. 37, pp. 1-3). Yet, a consideration of those objections does not change the fact that plaintiff's eligibility for OWCP benefits is based upon injuries he sustained as a federal employee, and therefore his claim is covered by FECA under which the exclusive remedy is through the administrative processes provided by FECA. *Saltsman v. United States*, 104 F.3d 787, 789 (6th Cir. 1997). This Court thus is precluded from reviewing his claims unless a recognized exception applies. *See Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). However, plaintiff has not alleged that the OWCP determinations are unconstitutional or that the Secretary of Labor's determinations are outside the scope of his plenary authority so as to trigger application of a recognized exception. *See id.* Accordingly, the Court is barred from reviewing his claims challenging the OWCP's actions relating to his FECA workers' compensation benefits, and defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted.[3]

---

[3] As the Magistrate Judge noted, that determination moots the defendant's motion to dismiss pursuant to Rule 12(b)(6). (Doc. 28, pp. 8-9).

B.  **Medical Malpractice**

Under Ohio law, a medical malpractice claim must be accompanied by an affidavit of merit from an expert witness.  Ohio R. Civ. P. 10(D)(2)(a).  For the reasons explained by the Magistrate Judge, Ohio R. Civ. P. 10(D)(2)(a) is found to be a substantive rule that applies to plaintiff's medical malpractice claims in the present action.  (Doc. 28, pp. 9-11).

Nowhere in his objections does plaintiff provide or indicate any intent to provide the requisite affidavit from an expert witness concerning his medical malpractice claims.  Instead, plaintiff cites to the legal standards for a medical malpractice claim and then explains in his own words several examples of the alleged medical malpractice about which he complains.  (*See* Doc. 34, pp. 1-3; Doc. 37, pp. 1-3).  Unfortunately, plaintiff's own unsworn and unverified explanation of alleged medical malpractice does not suffice to satisfy the requirements of Rule 10(D)(2).  Accordingly, defendant's motion to dismiss plaintiff's claims for medical malpractice is granted.

IV.  **CONCLUSION**

Consistent with the foregoing, plaintiff's objections (Doc. 34; Doc. 37) are **OVERRULED** and the Report (Doc. 28) is **ADOPTED** in its entirety.  Accordingly, defendant's motion to dismiss (Doc. 13) is **GRANTED** and plaintiff's claims are **DISMISSED**.[4]

In light of this ruling, plaintiff's "Request [for] Medical Leave of Absence" (Doc. 35) is **DENIED AS MOOT**.  This matter shall be closed.

**IT IS SO ORDERED.**

s/Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court

---

[4] Pursuant to the Ohio Supreme Court's decision in *Troyer v. Janis*, 132 Ohio St. 3d 229, 232 (2012), the Rule10(D)(2) dismissal is without prejudice.